**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X        **Case No. 20-cv-9807**

MARINA NEKRASOV,

Plaintiff,                                **COMPLAINT**

- against -

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

TEACH FOR AMERICA, INC. and JOE
ROBINS, *individually, and in his professional*
*capacity.*

Defendants.

-------------------------------------------------------------------X

Plaintiff, MARINA NEKRASOV, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys

at Law, PLLC, hereby complain of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff complains pursuant to the **Americans with Disabilities Act of 1990**, 42 U.S.C. §

12101, et seq. ("ADA"), the **New York State Human Rights Law**, New York State

Executive Law, § 296 ("NYSHRL"), et seq., and the **New York City Human Rights Law,**

New York City Administrative Code § 8-107(1), et seq., and seeks damages to redress the

injuries Plaintiff suffered as a result of failing to accommodate Plaintiff's disability and being

discriminated and retaliated against by her employer solely due to her **perceived and or**

**actual disabilities (traumatic arthritis)**.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under 42 U.S.C. § 12101, et. seq., and 28 U.S.C. §§ 1331

and 1343.

3.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and

city law pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district in that a substantial part of the events or omissions giving rise

to the claim occurred within the Southern District of the State of New York. 28 U.S.C.

§1391(b).

## PROCEDURAL PREREQUISITES

5.     Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal

Employment Opportunities Commission ("EEOC").

6.     Plaintiff received a Notice of Right to Sue from the EEOC, dated October 6, 2020 with respect

to the herein charges of discrimination. A copy of the Notices is annexed hereto.

7.     This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8.     That at all times relevant hereto, Plaintiff MARINA NEKRASOV ("Plaintiff") is a resident

of the State of New York and County of Kings.

9.     That at all times relevant hereto, Plaintiff was an employee of Defendant TFA.

10.    That at all times relevant hereto, Defendant TEACH FOR AMERICA, INC. ("TFA") is a

non-profit organization with a principal place of business located at 25 Broadway, 12th Floor,

New York, New York 10004.

11.    That at all relevant times, Defendant TFA has more than 15 employees, and thus more than

4 employees, to be considered an "employer" as defined under Federal, State, and Local law.

12.    That at all times relevant hereto, Defendant JOE ROBINS ("ROBINS") is an employee of

TFA; to wit he is Plaintiff's direct manager.  ROBINS had the authority to hire/fire Plaintiff,

and materially affect the terms of her employment.

13.    Defendant TFA and Defendant ROBINS are collectively referred to as Defendants.

## MATERIAL FACTS

14.    In or around February 2014, Plaintiff began working for Defendant TFA as an "Middleware Engineer Director", earning approximately $124,000 per year.

15.    Throughout Plaintiff's employment with Defendant TFA, she received positive feedback about her work, and she regularly received positive performance reviews.

16.    In 2016, Plaintiff notified her then manager, Saravanan Thiagarajan of her diagnosis of traumatic arthritis in both of her feet.  This condition limits and substantially affects major life activities, including but not limited to, walking (she walks with a limp and sometimes cannot walk at all), sitting, commuting, and standing.

17.    Plaintiff was granted as a reasonable accommodation to work from home 3 days per week, and work 2 days in the office.

18.    Defendants granted this accommodation indefinitely without any temporal limitation.

19.    For example, in 2017, Plaintiff's former supervisor Saravanan Thiagarajan left TFA. Plaintiff's accommodation continued under Thiagarajan's replacement Basanth Valenti.

20.    However, in October 2018, defendant JOE ROBINS ("ROBINS") became Plaintiff's supervisor.

21.    ROBINS began taking steps to have plaintiff terminated based on her disability and reasonable accommodation requests.

22.    In August 2019, Plaintiff's orthopedist, Dr. Nirmal Tejwani, recommended Plaintiff receive ankle fusion surgery, a procedure that would greatly improve the long term prognosis for her disability.

23.    Plaintiff then shared this medical information with Defendant ROBINS.  She explained that having ankle repair surgery would potentially further disable her movement in the short term

(for three months) while she recovered, but would significantly improve her long-term prognosis.  Plaintiff also stated that she was unsure whether she would, in fact, go through with the procedure.

24.  Plaintiff asked Defendant ROBINS to accommodate her disability while she recovered from surgery by allowing her to work from home full time solely during the recovery period, and then return to the original reasonable accommodation (working from home 3 days per week) once recovered.

25.  Instead of granting Plaintiff's accommodation or engaging in an interactive process, ROBINS took steps to manufacture and fabricate alleged "performance issues" without legitimate basis.  This was an obvious attempt to "set the wheels in motion" to terminate Plaintiff (based on disability discrimination and in retaliation for requesting a reasonable accommodation) under the guise of "performance issues."

26.  On September 9, 2019, Plaintiff was placed on a performance improvement plan ("PIP"). ROBINS stated that on or before October 18, 2019, Plaintiff would be terminated if her performance did not improve.

27.  Plaintiff had never previously been informed of any "performance issues" prior to making her reasonable accommodation request to ROBINS and has always performed her job successfully.

28.  The real reason for placing Plaintiff on the PIP – as a precursor to termination – was due to Plaintiff's reasonable accommodation request she made to ROBINS.

29.  The PIP (completed by ROBINS) states, among other things, that one of the reasons for the disciplinary is that Plaintiff does not come into the office enough.

30.  Plaintiff has been discriminated against because of her disability, and that the adverse

employment actions Defendant ROBINS has taken against her are a direct result her request for a workplace accommodation to have surgery.

31.   Defendant ROBINS's actions against her are retaliatory, and stem from Plaintiff exercising her right to request a reasonable accommodation to better manage her disability.

32.   As a result of her job being threatened, Plaintiff decided against having her ankle fusion surgery in order to not risk being terminated by TFA.

33.   Upon information and belief, Plaintiff could have performed all of her job functions with or without reasonable accommodations.

34.   Plaintiff requested reasonable accommodations in order to manage her severe arthritis.

35.   Defendant ROBINS denied Plaintiff a reasonable accommodation for her disability (traumatic arthritis).

36.   Defendants failed to engage in an interactive process with Plaintiff in regard to her request for a reasonable accommodation; instead, choosing to place her on a PIP and threatening termination immediately upon her insistence that she needed an accommodation.

37.   **<u>Defendants' actions and conduct were intentional and intended to harm Plaintiff</u>**.

38.   As a result of Defendants' actions, Plaintiff has experienced emotional distress, and if terminated, would suffer financial damages, among other damages.

39.   Plaintiff's medical condition constituted an impairment that substantially limited one or more of her major life activities within the meaning of § 12102(1)(A) of the ADA.

40.   Plaintiff was, and remains, a qualified individual who can perform the essential functions of her employment with or without a reasonable accommodation as defined by § 12111(8) of the ADA.

41.   As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction

5

limits of the Court.

42.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

43.    Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44.    Plaintiff claims Defendant TFA violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

45.    Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46.    Defendant TFA engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability (traumatic arthritis).

47.    As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE ADA

48.    Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

49.    The ADA prohibits retaliation, interference, coercion, or intimidation.

50.     42 U.S.C. § 12203 provides:

    a.     Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b.     Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

51.     Defendant CAPITAL EQUITY violated this section as set forth herein by taking adverse employment action against Plaintiff and threatening to terminate Plaintiff's employment after her request for a reasonable accommodation.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

52.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53.      Executive Law § 296 provides that:

    1.     It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

54.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability (traumatic arthritis).

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE LAW

55.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

7

Complaint as if more fully set forth herein at length.

56.    Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any

person engaged in any activity to which this section applies to retaliate or discriminate against

any person because he or she has filed a complaint, testified, or assisted in any proceeding

under this article."

57.    Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff

because of her opposition to the unlawful employment practices of the Defendants.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

58.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

59.    The Administrative Code of City of NY § 8-107 [1] provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer
> or an employee or agent thereof, because of the actual or perceived
> age, race, creed, color, national origin, gender, **disability**, marital
> status, sexual orientation or alienage or citizenship status of any
> person, to refuse to hire or employ or to bar or to discharge from
> employment such person or to discriminate against such person in
> compensation or in terms, conditions or privileges of employment.

60.    Defendant engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory

working conditions, and otherwise discriminating against Plaintiff because of her disability

(traumatic arthritis).

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

62.     The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person **has opposed any practices** forbidden under this chapter. . ."

63.     Defendant violated the section cited herein as set forth.

## **JURY DEMAND**

64.     Plaintiff requests a jury trial on all issues to be tried.

        **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.      Declaring that Defendants engaged in unlawful employment practices prohibited by the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, et seq. ("ADA"), the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL"), et seq., and the **New York City Human Rights Law**, New York City Administrative Code § 8-107(1), et seq., in that Defendants discriminated and retaliated against Plaintiff on the basis of her disability (traumatic arthritis);

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.


Dated: New York, New York
       November 20, 2020

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**



                              By:      _____/s/_____
                                       Joshua M. Friedman, Esq.
                                       *Attorneys for Plaintiff*
                                       45 Broadway, Suite 430
                                       New York, New York 10006
                                       T: (212) 248 - 7431
                                       F: (212) 901 - 2107
                                       jfriedman@tpglaws.com